UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BARBARA LIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | )   JURY DEMANDED |
| MENU FOODS, INC., | )   CLASS ACTION |
| | ) |
|     Defendant. | ) |

## CLASS ACTION COMPLAINT

1. The Plaintiffs are citizens and residents of the State of Tennessee, who purchased affected and/or contaminated brands of pet food *and* whose pets suffered kidney damage, kidney failure, and/or other injuries, after ingesting such pet food.

2. The Defendant, Menu Foods, Inc., is a New Jersey company with its principal place of business in the State of New Jersey, 9130 Griffith Morgan Lane, Pennsaukan, New Jersey 08110. Defendant is ultimately owned and controlled by Menu Foods Income Fund, a corporation based in Ontario, Canada.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1867.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a part or substantial part of the events or omissions giving rise to the claim occurred in this judicial district, or a substantial part of the property that is the subject of the action is situated in this judicial district.

5. Further, the incident complained of took place in Knox County, Tennessee.  Therefore, personal jurisdiction and venue is proper in this Court.

**FACTS**

6. From approximately December 3, 2006 to March 6, 2007, Defendant sold affected and/or contaminated pet food to various chain stores, including, but not limited to, Kroger Co., Wal-Mart Stores Inc., Safeway Inc., PetSmart Inc., as well as other stores.  Plaintiffs, including Barbara Light, purchased Defendant's product, and such product was ingested by plaintiffs' pets.  Subsequently, various reports and/or complaints from such individuals stated that pets suffered symptoms indicative of kidney damage and/or failure.  On or around March 16, 2007 the Defendant formally recalled between 40 and 60 million cans of such pet food, and the United States Food and Drug Administration issued a press release the same day regarding the recall.

7. Defendant's business is manufacturing, producing, distributing, or selling cat food products under various brands or labels, including:  America's Choice, Preferred Pets, Authority, Best Choice, Companion, Compliments, Demoulus, Market Basket, Eukanuba, Fine Feline Cat, Food Lion, Food Town, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet Classics, Nutro Natural Choice, Paws, Pet Pride, President's Choice, Priority, Sav-a-Lot, Schnucks, Science Diet, Feline Savory Cuts Cans, Sophsitacat, Special Kitty US, Springfield Prize, Sprout, Total Pet, Wegmans, Western Family, White Rose, and Wynn Dixie, as well as others.

8. Defendant's business is also manufacturing, producing, distributing, or selling dog Food products under various brands or labels, including:  America's Choice, Preferred Pets, Authority, Award, Best Choice, Big Bet, Big Red, Bloom, Bruiser, Cadillac, Companion,

Demoulus Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country Fare, Hy-vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Mixables, Nutriplan, Nutro Max, Nutro Ultra, Nutro, Ol'Roy US, Paws, Pet Essentials, Pet Pride—Good & Meaty, President's Choice, Price Chopper, Priority, Publix, Roche Brothers, Sav-a-Lot, Schnucks, Shep Dog, Sprout, Statler Bros, Total Pet, Western Family, White Rose, Wynn Dixie, and Your Pet.

9. Defendant's products were placed in the stream of commerce and distributed and offered for sale to Plaintiffs in Tennessee.

## CLASS ACTION

10. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23. This action satisfies the numerosity, commonality, typicality, adequacy and predominance, and superiority requirement of those provisions.

11. Plaintiff Barbara Light brings this class action on behalf of herself and all others similarly situated, as members of the following proposed class:

> **The class consists of all persons in the State of Tennessee who own pets, and whose pets were *made ill and/or injured* as a result of ingesting Defendant's pet food.**

a. <u>Numerosity of the Class. Fed. R. Civ. P. 23</u>. The Class is so numerous that the individual joiner of all its members is impracticable. Nationwide between 40 and 60 million packages of Defendant's product were recalled, with a substantial amount of such affected product purchased by residents within the State of Tennessee.

b. <u>Existence and Predominance of Common Questions of Law and Fact Fed. R. Civ. P. 23</u>. Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual members of the Class.

c. <u>Typicality of Claims. Fed. R. Civ. P. 23</u>. The Class Representative, Barbara Light, is an adequate representative. Mrs. Light purchased Defendant's product, Special Kitty, from a Wal-Mart during the dates in which the affected product was sold. Mrs. Light fed Defendant's product to her pet, and subsequently the pet suffered renal failure, as well as other injuries. Plaintiff's claims are typical of the claims of the members of the Class, in that she was an owner of a pet who had consumed Defendant's product and subsequently became ill and/or suffered some form of kidney damage and/or failure.

d. <u>Adequacy of Representation. Fed. R. Civ. P. 23</u>. Barbara Light's interest does not conflict with the interests of the members of the Class she seeks to represent. Furthermore she has retained counsel competent and experienced in the prosecution of complex product, tort, and environmental actions, and they intend to prosecute this action vigorously for the benefit of the Class. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

e. <u>Superiority. Fed. R. Civ. P. 23</u>. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of Class Members' claims is impracticable. Even if any Class members could afford individual litigation, the court system could not. Individual litigation further presents

a potential for inconsistent or contradictory judgments. Individual litigation increases the delay and expense to all parties and the court system in resolving the issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Notice of the pendency of this class action can be provided to Class members by publication and broadcast.

12. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Federal Rules of Civil Procedure 23:

> a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for Defendant;
>
> b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or would substantially impair or impede the ability of such non-party Class members to protect their interests; and Defendant have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

The allegations of paragraphs 1 through 12 are hereby incorporated by reference and made part hereof as if each such allegation were fully set forth herein, and would further state the individual Plaintiffs, as well as the Class, allege the following causes of actions against the Defendant:

## NEGLIGENCE

13. The Defendant is guilty of negligence, which is the proximate cause of all damages suffered by the Plaintiffs, by failing to use normal and ordinary care in producing pet food that was safe for consumption; failed to test the pet food prior to delivering such product into the stream of commerce to ensure it was safe for consumption; as well as other failures which constitute common law negligence.

14. The Plaintiffs jointly rely upon the doctrine of *res ipsa loquitur* and would show that the Defendant in this cause exercised exclusive control over the production of such pet food, which were sealed in containers until consumed by Plaintiffs' pets, and that the injuries and damages sustained by the Plaintiffs are of such a nature that they would not ordinarily occur in the absence of negligence.

15. Furthermore, Plaintiffs would state that Defendants are liable under the doctrine of negligent entrustment and/or negligent hiring.

## TENNESSEE PRODUCTS LIABILITY ACT 29-28-101

16. Defendant is liable pursuant to Tenn. Code Ann. § 29-28-105, T.C.A. § 28-29-102, and Restatement of Torts, Second ' 402A (1), for manufacturing, selling and otherwise distributing a product which is in a defective condition and unreasonably dangerous, and therefore are strictly liable for the injuries to plaintiff.

17. A seller and/or manufacturer who sells any product in a defective condition unreasonably dangerous to the user or consumer or his property is subject to liability to the user or consumer for physical harm or harm to property.

18. In the present case Defendant's pet products reached the Plaintiffs without substantial change in their condition as manufactured, manipulated and sold by the defendants. The Plaintiffs used the product in the manner in which the products were intended to be used

19. The Plaintiffs were not aware of, and reasonably could not have discovered, the harmful nature of Defendant's products they purchased, because the products were marketed and sold without adequate warnings of their dangers.

20. As a direct and proximate result of the fault of the Defendant, the Plaintiffs have suffered damages.

## BREACH OF EXPRESS WARRANTY

21. Defendants' advertisements and promotional statements alleged above contained broad claims amounting to a warranty that Defendants' products were not harmful.

22. As alleged above, Defendants breached their warranties by offering for sale, and selling as non-harmful, Defendants' products that were in fact harmful.

23. Defendant's breach of their express warranties has caused Plaintiffs to suffer damages in an amount to be proven at trial.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

24. Defendant's impliedly warranted that their pet products were safe and they were manufactured within the acceptable industry standards and sold to Plaintiffs, were merchantable and fit and safe for their ordinary use.

25. Defendant's products purchased and consumed by Plaintiffs were dangerous, harmful, unmerchantable, and unfit for use when sold.  Therefore, Defendant breached the implied warranty of merchantability at the time Defendant's products were sold to Plaintiffs in that the Defendant's products were not fit for their ordinary purposes.

26. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiffs are subject to harm by Defendant's products and have suffered damages in an amount to be proven at trial.

27. Plaintiffs have given defendants notice of the breach of the implied warranty of merchantability.

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE**

28. Defendants impliedly warranted that their products, which they designed, manufactured, and sold to Plaintiffs and members of the Class, were fit for the particular purpose for which they were intended.

29. Defendants had reason to know the particular purpose for which their products were required. Plaintiffs knew the particular purposes for which they intended to use Defendant's products. Defendant knew that Plaintiffs were relying on Defendant's' skill or judgment to furnish suitable products. The defendants' products were not fit for the particular purpose for which they were required even when properly used, posed a serious danger to pets. The unfitness of the product was a proximate cause of damages to the Plaintiffs, and Defendant would reasonably have expected Plaintiffs' pets to consume the product.

30. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiffs are entitled to actual and punitive damages.

31. Plaintiffs have given defendants notice of the violation of the implied warranty of fitness for a particular purpose.

## **PERSONAL INJURIES/DAMAGES**

32. The acts and/or omissions set forth above render Defendant liable under theories of outrageous conduct, intentional infliction of emotional distress, negligent infliction of emotional distress and intentional and/or negligent misrepresentation, inconvenience, fear, humiliation, and severe mental anguish. It is believed that the Plaintiffs are entitled to reasonable and necessary medical monitoring for the on-set of diseases that may be suffered by Plaintiffs' pets, and to request to be reimbursed for any and all veterinary bills caused by Defendant's product.

**WHEREFORE**, for the Plaintiffs' sue individually and as a class in the amount of sum of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00).

## **ADDITIONAL PRAYERS FOR RELIEF INCLUDE**

That the Court certify Plaintiffs' action as a Class Action on behalf of all others similarly situated, appoint Plaintiffs' counsel as counsel for the class, and order that Notice be given to the Class of this action

1. Discretionary and incidental costs; and

2. Any general relief not herein specified.

**Formatted:** Bullets and Numbering

The Plaintiffs demand that a jury try this cause.

RESPECTFULLY SUBMITTED this _____ day of _____, 2007.

          By:    s/ Dan C. Stanley, BPR# 021002
                    Dan C. Stanley, #021002
                    Attorney for Plaintiffs


                    s/ Robert R. Kurtz, BPR# 020832
                    Robert R. Kurtz, #020832
                    Attorney for Plaintiffs

STANLEY & KURTZ, PLLC
422 Gay Street, 3rd Floor
Knoxville, TN  37902
Phone: (865) 522-9942
Fax: (865) 522-9945